TEXTO COMPLETO DE LA SENTENCIA
El peticionario, el Sr. José Maya Gambino (Sr. Maya) solicita que se revoque la resolución dictada por el Tribunal de Primera Instancia, Sala Superior de Mayaguez. Mediante la referida resolución el foro recurrido denegó su petición al amparo de la Regla 192.1 de las de Procedimiento Criminal, 34 L.P.R.A. Ap. II, Regla 192.1.
Por los fundamentos que pasamos a exponer, se deniega el auto solicitado por falta de jurisdicción.
I
El Sr. Maya se encuentra ingresado en el Complejo Correccional de Ponce, bajo la custodia de la Administración de Corrección y cumple con la sentencia impuéstale por violaciones a la Ley para la Prevención e Intervención de Violencia Doméstica. El 11 de julio de 1997 presentó una moción al amparo de la Regla 192.1 de las de Procedimiento Criminal, mediante la que impugnó la validez de la referida sentencia. Luego de varios incidentes procesales, el 29 de marzo de 1998 se celebró una vista evidenciaría para discutir la solicitud del Sr. Maya. El 6 de agosto de 1998 el foro recurrido emitió su resolución y, en la misma, denegó la solicitud del Sr. Maya, archivándose en autos copia de la *993 notificación de la resolución el 11 de agosto de 1998. Oportunamente, el 19 de agosto de 1998 el Sr. Maya solicitó reconsideración de la resolución. El 28 de agosto de 1998 el foro recurrido declaró sin lugar, es decir, rechazó de plano la solicitud de reconsideración del Sr. Maya.
Inconforme, el 30 de octubre de 1998 el Sr. Maya presentó un recurso de certiorari ante este foro.
II
La Regla 32 (D) del Reglamento del Tribunal de Circuito de Apelaciones de 1 de mayo de 1996, 4 L.P.R.A. Ap. XXIII, dispone:

"El recurso de certiorari para revisar cualquier otra resolución u orden del Tribunal de Primera Instancia se formalizará mediante la presentación de una solicitud dentro de los treinta (30) días siguientes a la fecha del archivo en autos de copia de la notificación de la resolución u orden recurrida. Este término es de cumplimiento estricto, excepto cuando mediaren circunstancias especiales debidamente justificadas en la solicitud de certiorari."

Además, el Art. 4.002 (f) de la Ley de la Judicatura de 1994, según enmendada por la Ley Núm. 248 de 25 de diciembre de 1996 dispone, en lo pertinente, que en casos criminales la presentación de una moción de reconsideración, a menos que el tribunal de primera instancia acoja la misma, no interrumpirá el término para solicitar un certiorari.
III
En el caso de autos la resolución del Tribunal de Primera Instancia fue notificada el 11 de agosto de 1998. Dentro del término reglamentario para solicitar reconsideración el Sr. maya presentó su solicitud de reconsideración el 19 de agosto de 1998. La misma fue rechazada de plano. Es decir, el término de treinta (30) días para presentar la solicitud de certiorari decursó el 10 de septiembre de 1998. El Sr. Maya presentó el recurso ante este foro el 30 de octubre de 1998 sin exponer razón alguna que justifique la presentación del mismo fuera del término de cumplimiento estricto dispuesto en la Regla 32 (D), Pueblo v. Cortés Rivera, _ D. P.R. _ (1997), 97 JTS 4. Por tal razón, este foro carece de jurisdicción para expedir el recurso solicitado.
Conforme lo señalado y por no cumplir el presente recurso con los criterios de la Ley de la Judicatura de 1994 y el Reglamento del Tribunal de Circuito de Apelaciones, se desestima por falta de jurisdicción el auto de certiorari.
La Juez López Vilanova entiende que este Tribunal tiene jurisdicción y emite voto disidente por separado.
Lo acordó el Tribunal y lo certifica la Señora Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General
VOTO DISIDENTE DE LA JUEZ DE APELACIONES SRA. LOPEZ VILANOVA - 99 DTA 75
Con toda deferencia a mis compañeros de panel, es equivocado rechazar este recurso por falta de jurisdicción. El abogado del recurrente presentó el mismo oportunamente. El ordenamiento procesal penal vigente, la Ley de la Judicatura, y la Resolución del Tribunal Supremo de Puerto Rico de 25 de septiembre de 1998 nos confieren autoridad para resolverlo. Examinemos porqué.
I
Joseph Maya Gambino fue acusado, juzgado y sentenciado por varios delitos de naturaleza grave en el año 1994. Ingresado en una Institución Penad, preparó un escrito apelativo por propio derecho y lo entregó a un oficial de custodia. Este, alegadamente no presentó el mismo ante el foro apelativo, por lo que el término para apelar venció. Presentado posteriormente el recurso apelativo, el Tribunal desestimó el mismo por falta de jurisdicción.
*994 Posteriormente, Maya Gambino presentó, también por derecho propio, la "Moción al amparo de la Regla 192.1 y otros extremos" que nos ocupa.
El foro recurrido le designó tres (3) abogados de oficio para que le asistieran en su reclamo.
El 29 de mayo de 1998, el tribunal celebró una vista. En virtud de Resolución emitida el 6 de agosto de 1998, denegó el nuevo juicio solicitado al amparo de la Regla 192.1 de las de Procedimiento Criminal. Dicha determinación se archivó en autos el 11 de agosto de 1998. Ocho (8) días después, el 19 de agosto de 1998, el abogado del peticionario presentó una moción solicitando la reconsideración del dictamen.
El 2 de septiembre de 1998, notificada ese mismo día, el foro recurrido denegó la reconsideración solicitada. El término de 30 días para recurrir de dicho dictamen vencía el 5 de octubre de 1998. Ante la emergencia del huracán Georges, nuestro Tribunal Supremo extendió dicho término hasta el 30 de octubre de 1998. Ese día presentó el recurso que nos ocupa.
La mayoría sostiene que carecemos de jurisdicción, toda vez que, a pesar de que se presentó la moción de reconsideración "[d]entro del término reglamentario", el término de treinta (30) días para recurrir ante nos no se interrumpió, toda vez que el tribunal la rechazó de plano. (Resolución, pág. 3).
De entrada cabe preguntamos, ¿cuál es el término que provee la ley para presentar ante el Tribunal de Primera Instancia una solicitud de reconsideración de una resolución que denegó en sus méritos una solicitud de nuevo juicio al amparo de la Regla 192.1 de las de Procedimiento Criminal? ¿Cuándo comienza a decursar el término para recurrir ante este foro apelativo del dictamen emitido en reconsideración por el foro de instancia?
La Regla 192.1 no provee término para presentar la solicitud de Reconsideración. Tampoco le impone al juez de instancia término específico alguno para que éste la resuelva.
Ante la ausencia de términos, la mayoría adopta el establecido en la Regla 194 de Procedimiento Criminal para los dictámenes que, como el que nos ocupa, se emiten posterior a la sentencia. Es decir, se adopta el término de quince (15) días. Ante ello, la mayoría resuelve que la moción de reconsideración se presentó "dentro del término reglamentario". Sin embargo, para resolver la interrogante de cuándo comienza a decursar el término para recurrir ante nos del dictamen emitido en reconsideración, la mayoría no adopta el lenguaje que provee la Regla 194. Recurre y adopta el utilizado en el ordenamiento procesal civil, al resolver que la moción en controversia fue "rechazada de plano". Dicha terminología no se recoge ni en la ley ni en el ordenamiento procesal penal vigente.
De otra parte, la mayoría sostiene, apoyado en el inciso (f) del Artículo 4.002 de la Ley de la Judicatura, que el término para recurrir ante este Tribunal venció el 10 de septiembre de 1998. El examen del propio articulado revela que no. Examinémoslo.
El Artículo 4.002 de la ley dispone sobre los asuntos de los cuales conocerá este Tribunal. Entre estos, el inciso (f) reza como sigue:
"Mediante auto de certiorari expedido a su discreción, de cualquier otra resolución u orden dictada por el Tribunal de Primera Instancia, incluyendo el Tribunal de Distrito durante el proceso de su abolición. En estos casos, el recurso de certiorari se formalizará presentando una solicitud dentro de los treinta (30) días siguientes a la fecha de notificación de la resolución u orden. El término aquí dispuesto es de cumplimiento estricto, excepto cuando mediaren circunstancias especiales debidamente sustentadas en la petición de certiorari. La presentación de una moción de reconsideración producirá en cuanto al término para solicitar un certiorari bajo este inciso en casos civiles únicamente, el mismo efecto provisto por las Reglas de Procedimiento Civil para los recursos de apelación. En casos criminales, la presentación de una moción de reconsideración no interrumpirá el término para solicitar un certiorari bajo este inciso a menos que el Tribunal de Primera Instancia acoja la moción dentro del término de treinta (30) días dispuesto en este inciso para solicitar un certiorari. La expedición de un auto de certiorari bajo este inciso no suspenderá los procedimientos ante el Tribunal de Primera Instancia, salvo orden en contrario expedida motu *995 proprio o a solicitud de parte por el Tribunal de Circuito de Apelaciones."
Obsérvese que el inciso (f) se refiere a "cualquier otra resolución u orden" dictada por el Tribunal de Instancia. Dispone, además, que los procedimientos que se siguen ante el foro recurrido continuarán, salvo que este Tribunal ordene que se paralice el proceso que se está celebrando.
La resolución objeto del recurso que nos ocupa no es una resolución interlocutoria. Este es un procedimiento post-sentencia. El proceso terminó, no pende nada ante el foro recurrido.
De otra parte, el juez del foro de instancia no se cruzó de brazos ante la reconsideración solicitada. La resolvió catorce (14) días después, es decir, "dentro del término de treinta (30) días dispuestos en este inciso."
La normativa civilista de "rechazo de plano" adoptada por la mayoría para procedimientos post-sentencia en casos criminales altera el ordenamiento procesal vigente. Erramos como foro apelativo al adoptarla.
Por ello, disiento.
JOCELYN LOPEZ YILANOYA
Juez de Apelaciones